UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER G.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C23-5016-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his subjective testimony and in assessing the medical opinion evidence. (Dkt. # 12 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1971; has a high school diploma; and his past jobs include cashier, auto services manager, and nightclub owner/manager. AR at 28, 36667. The ALJ found that

ORDER - 1

Plaintiff had performed some work for friends during the adjudicated period (*id*. at 96-98), but it did not rise to the level of substantial gainful activity. *Id.* at 16.

In October 2019, Plaintiff applied for benefits, with an amended alleged onset date of October 3, 2019. AR at 93-96, 337-44. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 225-33, 236-51. After the ALJ conducted hearings in July and December 2021 (*id*. at 40-129), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 14-32.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 5.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Discounting Plaintiff's Subjective Allegations

The ALJ summarized Plaintiff's allegations and explained that she found that Plaintiff's generally routine and conservative course of treatment, improvement with treatment, and daily activities suggested that he could function with the limitations described in the residual functional capacity ("RFC") assessment. AR at 20-24.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The Court agrees with Plaintiff that the ALJ provided primarily generalized findings — specifically the references to the course of treatment, improvement with treatment, and limited daily activities[1] — rather than specific reasons to discount much of Plaintiff's testimony. *See* AR at 22-24. Although, as emphasized by the Commissioner (dkt. # 15 at 6), the ALJ's summary of

---

[1] Although the ALJ addressed Plaintiff's allegation of limited daily activities, and found that the alleged limitations were uncorroborated by objective evidence and inconsistent with the medical records, these parts of the decision do not identify specific inconsistencies between Plaintiff's testimony and his activities, nor do they demonstrate the existence of transferable work skills. *See* AR at 22, 24. Accordingly, these parts of the ALJ's decision do not constitute a clear and convincing reason to discount Plaintiff's allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Plaintiff's allegations uses parentheticals to refer to evidence in an attempt to undercut Plaintiff's statements (AR at 21-22), the ALJ there overstated the extent of Plaintiff's activities in order to create contrast.

For example, the ALJ contrasted Plaintiff's testimony that "there are days when he does not clean or shower or want to be around anybody (yet he has DJ-ed)." AR at 21. That Plaintiff volunteered as a DJ on two occasions for two hours each (*id*. at 98-99) is not inconsistent with testimony that "there are days" when Plaintiff does not want to clean his house, shower, or socialize (*id*. at 112). The ALJ also noted that Plaintiff testified that he could not lift a bag of garbage, "(yet he chopped wood)." *Id*. at 21. Plaintiff's home is heated by a wood stove, and he testified that he used a hatchet (rather than a heavier axe) to chop a few pieces of wood as needed during the winter (*id*. at 105-08). He reported to a physical therapist that he chopped more wood on one occasion, and that he required days of bed rest afterward. *See id*. at 2379. The evidence of Plaintiff's ability to chop wood on occasion is not inconsistent with his testimony that he can lift 10-15 pounds. *See id*. at 107. Thus, to the extent that the ALJ intended to find that Plaintiff made statements that were inconsistent with his allegations, the ALJ failed to provide examples of legitimate inconsistencies.

Moreover, the ALJ failed to provide reasoning related to most of the specific allegations referenced in Plaintiff's opening brief, with one exception discussed *infra*. The ALJ noted that Plaintiff did not mention migraine headaches at the administrative hearings (AR at 21), but did not address Plaintiff's written headache questionnaire or the allegations contained therein. *See id*. at 401-03. There could be many legitimate reasons to discount the frequency and severity of the headaches described in that questionnaire, but the ALJ provided no such reasoning in the

ORDER - 4

1 decision.[2] Accordingly, the Court finds that the ALJ erred in failing to account for Plaintiff's alleged headache-related limitations without providing legally sufficient reasons to do so.

The ALJ also failed to provide legally sufficient reasons to discount Plaintiff's allegation that "sitting, standing, or walking for too long causes extreme pain." *See* AR at 20 (ALJ's summary of Plaintiff's allegations). The ALJ referenced Plaintiff's reports of "occasionally walk[ing] around parks," "increased pain with walking[,]" and "more sciatica pain" after he "jogged with the dog" on one occasion (*id*. at 22-23), and did not explain how she reconciled those reports in the treatment notes with her finding that Plaintiff can perform light work, which requires up to six hours of walking per workday. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); Social Security Ruling 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983). If the ALJ intended to find Plaintiff's allegations inconsistent with the activities referenced in this section of the decision, the ALJ again failed to identify activities that are legitimately inconsistent with Plaintiff's allegations.

The ALJ more specifically explained her consideration of Plaintiff's alleged need for a cane, however. The ALJ noted that Plaintiff admitted that his cane was not prescribed by a doctor and contended that the medical evidence contradicts his July 2021 testimony that he uses a cane whenever he leaves his home and must lean against counters at home to maintain his balance. AR at 21, 23 (citing *id*. at 2326 (April 2021 physical therapy note where Plaintiff reports that his pain has increased, but not to the point where he needs to use a cane)). The ALJ acknowledged that some of the appointment notes mention that Plaintiff used a cane to ambulate

---

[2] Although the Commissioner directs the Court's attention to the ALJ's findings at step three to support her argument that the ALJ cited evidence that is inconsistent with Plaintiff's allegation that his headaches cause memory loss (dkt. # 15 at 4), the step-three findings are not connected to the headache allegations. Mental health treatment notes documenting normal cognition do not directly pertain to Plaintiff's allegation that his seizures cause migraine headaches and short-term memory loss. *See* AR at 418. Thus, the Court declines the Commissioner's invitation to read this line of reasoning into the ALJ's decision.

ORDER - 5

during an appointment, but not all of the treatment notes. *See id*. at 23. This evidence is inconsistent with Plaintiff's hearing testimony that he uses his cane whenever he leaves his home.[3] *See id*. at 109. Accordingly, the Court finds that the ALJ provided a legally sufficient reason to discount Plaintiff's alleged need for a cane in public. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (indicating that, when assessing a claimant's allegations, the Commissioner looks to whether they are consistent with the remainder of the record). On remand, the ALJ shall reconsider Plaintiff's allegations related to sitting/standing/walking limitations and headache-related limitations and either credit them or provide legally sufficient reasons to discount them.

**B.     The ALJ Must Reconsider the State Agency Physical Opinions on Remand**

Plaintiff challenges the ALJ's assessment of certain medical opinion evidence, namely the opinions of the State agency medical consultants and the opinions of treating nurse Katherine Hester, ARNP. The Court will address each disputed opinion in turn.

*1.     Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2.     State Agency Medical Consultants*

The State agency medical consultants opined *inter alia* that Plaintiff could stand/walk for four hours per day and balance only occasionally. AR at 144, 162-63, 186-87, 212-13. The ALJ

---

[3] Although Plaintiff's briefing contends that he alleged only intermittent cane use (dkt. # 12 at 9-10), Plaintiff's counsel asked at the hearing if he needed a cane all the time or just sometimes, and Plaintiff answered that he used a cane "[a]ny time that [he is] out in public." AR at 109.

found those limitations persuasive because they "appear to rely on the claimant's self-report such as intermittent use of a cane[.]" *Id*. at 25. The ALJ concluded that the "totality of the evidence supports a greater capacity to stand/walk and balance, consistent with the limitations set forth in the [RFC assessment]." *Id*.

There is no indication within the State agency opinions that the consultants relied on Plaintiff's self-reporting in rendering the standing/walking/balancing limitations and moreover, as explained *supra*, the ALJ erred in assessing Plaintiff's allegations of standing/walking limitations. Thus, the ALJ on remand must reconsider the State agency opinions in tandem with Plaintiff's allegations.

### 3. Ms. Hester

Ms. Hester, Plaintiff's treating nurse, completed two form opinions in November 2019 and June 2021 describing disabling physical limitations. AR at 1018-22, 2393-94. The ALJ found both of these opinions unpersuasive because the extreme limitations they described (inability to lift two pounds or to stand/walk, inability to perform even sedentary work) were unexplained and inconsistent with the record as a whole, which indicates that Plaintiff can lift more than two pounds and can stand/walk to at least some degree. *Id*. at 26-27. The ALJ also noted that the 2021 opinion indicated that Plaintiff's limitations had existed at that level since at least April 2016, but that Plaintiff's amended alleged onset date was years after that. *Id*. at 26. The ALJ cited the State agency medical consultants' opinions as other evidence that is inconsistent with Ms. Hester's opinions. *Id*. at 26-27.

The Court finds that the ALJ's consistency finding is supported by substantial evidence that Plaintiff can lift more than two pounds and is able to stand/walk, contrary to Ms. Hester's opinion. *See* AR at 22-23 (ALJ's summary of Plaintiff's treatment records and the activities he

ORDER - 7

reported to providers). Although Plaintiff contends that the ALJ employed an "overly concrete" characterization of Ms. Hester's opinions (dkt. # 12 at 13), the ALJ's characterization tracks with the language used in the forms (*compare* AR at 26-27 *with id*. at 1015, 2394) and Plaintiff has not identified any evidence indicating that he was unable to lift two pounds or to stand/walk on an ongoing basis, which would undermine the ALJ's consistency finding.

Because the ALJ's consistency finding is supported by substantial evidence, any errors in the ALJ's other lines of reasoning is harmless, and the Court affirms the ALJ's assessment of Ms. Hester's opinions.

V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider: (1) Plaintiff's allegations related to standing/walking/sitting and headaches, (2) the State agency medical consultants' opinions, and (3) any other parts of the decision as necessary.

Dated this 3rd day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge